IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA MAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0437-N |
| | ) | |
| AMERICAN MEDICAL COLLECTION AGENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the court on the defendant's Motion for Summary Judgment (doc. 7) and accompanying Memorandum (doc. 8). The Motion was filed on September 17, 2010, apparently in lieu of an Answer and before entry of the preliminary scheduling order (doc. 9) which addresses such matters as initial disclosures and the timing of the parties' planning meeting; the preliminary order also precludes the conduct of discovery pending entry of the Rule 16(b) scheduling order.[1] The record does not indicate that any initial disclosure have been made, and clearly there has been no opportunity for discovery.

Rule 56 provides that a defendant may file a Motion for Summary Judgment at any time.[2] However, there are limitations from other sources which, as a practical matter, may alter that general policy. Where there has not yet been any discovery, let alone an "adequate opportunity

---

[1] The preliminary scheduling order was entered on September 20, 2010, and provides that the report of parties' planning meeting is due no later than November 4, 2010.

[2] Additionally, Rule 12 (d) describes how a court is to address a motion to dismiss or for judgment on the pleadings where matters outside the record are presented. The court does not address whether a motion for summary judgment may serve as a responsive pleading pursuant to Rule 12 (b) and (c).

for discovery," summary judgment is generally not appropriate or warranted. As stated in Blumel v. Mylander, 919 F.Supp. 423, 428 (M.D.Fla.1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit held:

[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally, summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted); *see also* Sanborn v. Jagen Pty. Ltd., Slip Copy, 2010 WL 1730756 (M.D.Fla. April 28, 2010).

The Motion before the court relies on defendant's factual assertion that it mailed other notices to the plaintiff, the first of which complied with the statute, and its citation of non-binding precedent that mailing, rather than receipt, is sufficient to comply with the applicable statute. If defendant's legal argument is ultimately adopted by the court, this factual issue would likely require discovery to answer; if it is not adopted, there remain additional issues as to which discovery would be necessary.

The court finds that defendant's Motion for Summary Judgment is premature. Accordingly, defendant's Motion is STRICKEN, without prejudice to defendant's right to refile

its motion at the appropriate time.

DONE this the 22nd day of September, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE