IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA MAHAN, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 10-00437-CB-N |
| AMERICAN MEDICAL COLLECTION AGENCY, | ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on a motion for leave to amend the complaint filed by the Plaintiff, Erica Mahan. (Doc. 17.) Defendant American Medical Collection Agency (AMCA) has filed a response opposing the motion. (Doc. 19.) However, as the Defendant points out in its response, leave to amend was not necessary under Fed. R. Civ. P. 15(a) since the amended complaint was filed within 21 days of AMCA's answer.[1] Because amendment is a matter of right in this instance, the motion for leave to amend is unnecessary and Defendant's opposition is in vain.

Defendant opposes the amendment on two grounds. First, it argues that leave to amend should be denied because Plaintiff's claims lack merit, making amendment futile. Defendant's futility argument applies only when leave to amend is required. *See, e.g., Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (denying motion for leave to file second amended complaint on futility grounds). Next, Defendant argues that Plaintiff initially named the wrong entity

---

[1] Rule 15(a)(1)(B) states: "A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required [within] 21 days after service of a responsive pleading[.]"

in her complaint[2] and, therefore, "the Court did not acquire jurisdiction." To the extent this is a defense based on lack of personal jurisdiction,[3] it has been waived because it was not included in the answer or in a Rule 12(b) motion.[4]  *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004). Moreover, a plaintiff is generally entitled to amend his complaint to correct a misnomer, especially when the correct party was served.[5]  *See, e.g.*, *In re QDN, LLC*, 363 Fed. Appx. 873, 877 (3rd Cir. 2010) (amendment to correct misnomer "when a plaintiff sues a parent instead of a subsidiary, a corporation instead of a partnership, a building instead of its corporate owner, or a corporation in liquidation instead of its successor").

In conclusion, both Plaintiff's motion for leave to amend and Defendant's opposition thereto are **moot** because leave to amend was not required.  The Clerk of Court is directed to docket the amended complaint.

**DONE** and **ORDERED** this the 1st day of November, 2010.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2] AMCA is a registered tradename of Retrieval-Masters Credit Bureau, Inc. (RMBC).  The defendant in the amended complaint is "Retrieval-Masters Credit Bureau, Inc., d/b/a/,a/k/a  American Medical Collection Agency."

[3] Defendant does not specify whether its jurisdictional argument is based on lack of personal jurisdiction or lack of subject matter jurisdiction.  Though lack of subject matter jurisdiction is a non-waivable defect that can be raised at any time, *see Insurance Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 684 (1982) (discussing subject matter jurisdiction versus personal jurisdiction), the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

[4] *See* Fed. R. Civ. P. 12(h) (defense listed in Rule 12(b)(2)-(5) is waived if not included in motion or responsive pleading); Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction).

[5] There is no doubt the correct party was served in this case, as the answer itself states that "AMCA is a trade name or d/b/a for Retrieval-Masters Credit Bureau."  (Doc. 15, ¶ 4.)