### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **ERICA MAHAN, individually** | ) | |
| **and on behalf of all similarly situated** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No.: 10-437** |
| | ) | |
| **RETRIEVAL-MASTERS CREDITORS** | ) | |
| **BUREAU, INC., d/b/a, a/k/a** | ) | |
| **AMERICAN MEDICAL COLLECTION** | ) | |
| **AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS

COMES NOW the Plaintiff and submits the following Memorandum of Law in opposition to the Motion to Dismiss her First Amended Complaint ("FAC") filed by Defendant.

### INTRODUCTION

Plaintiff's claims arise from several violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which occurred in connection with the defendant's collection practices. These violations occurred while Retrieval-Masters Creditors Bureau, Inc., ("Retrieval-Masters") was attempting to collect a debt using the trade name "American Medical Collection Agency." ("AMCA"). Debt collectors are prohibited from using fictitious names by 15 U.S.C. § 1692e(14). By collecting under a false name the defendant, Retrieval-Masters, has triggered liability under several different sections of the FDCPA as shown below.

### RELEVANT FACTUAL ALLEGATIONS

8.    [1]Plaintiff, Erica Mahan was injured in an automobile accident on August, 28, 2008. During the treatment of her injuries she underwent laboratory testing, on July 14, 2009,

---

[1] The numbered paragraphs in this section correspond to the numbered paragraphs in the FAC.

performed by a company called Dianon Systems.

9.      On or about April 5, 2010, Retrieval-Masters initially contacted Plaintiff, using the pseudonym American Medical Collection Agency, demanding payment in the amount of $145.72.  The creditor was identified as "Dianon Systems" with an account number listed on the letter, account number 919543441080.

10.     Despite this being the initial contact with the Plaintiff, the language set forth in the first paragraph stated that "We have written to you repeatedly concerning your debt of $145.72 that has been on the books of our client Dianon Systems for many months."

11.     On or about June 23, 2010, Retrieval-Masters, again using the pseudonym American Medical Collection Agency, sent a second letter to the Plaintiff demanding payment in the amount of $145.72.

12.     15 U.S.C. § 1692g states that a consumer can within 30 days after receipt of the debt collectors initial notice dispute the validity of the debt and this language is required on the initial communication with the debtor.

13.     This was the first notice the Plaintiff received from Defendant and the notice received by the Plaintiff was void of the statutory required language and does not comply with the requirements set forth under 15 U.S.C. § 1692g(a).

14.     The April 5, 2010, collection letter was the initial contact with Plaintiff and Plaintiff received no other communication or written notice within five days that complied with 15 U.S.C. § 1692g .

15.     Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs against all the named Defendant.

16.     Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15

U.S.C. §1692a(5)

17.     As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs, and attorney's fees.

**ARGUMENT**

## I.    LEGAL STANDARD

The U.S. Supreme Court's most recent pronouncement of the motion to dismiss standard is found in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). The *Iqbal* court expounded upon the principles it set out in *Bell Atlantic Corp. v. Twombly,* 550 US 544 (2007) stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

*Iqbal*, 129 S.Ct. at 1949.

The Court reiterated its principle, stated in *Twombly*, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1950.

The Eleventh Circuit Court of Appeals, in *Watts v. Florida International University,* 495 F.3d 1289 (August 17th 2007), held that the *Twombly* decision means that "A formulaic recitation of the elements of a cause of action will not do," citing *Twombly* at 1965 and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the Eleventh Circuit went on to say on page 1295 of the *Watts* opinion "the Supreme Court's most recent formulation of the pleadings specificity standard is that 'Stating

such a claim requires a complaint with enough factual matter (taken as truth) to suggest' the required element." The standard is one of "plausible grounds to infer." "The Court has instructed us that the rule 'Does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element. It is sufficient if complaint succeeds in "identifying facts that are suggestive enough to render the [the element] plausible."

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (U.S. 1995). A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." § 1692k(a) *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (U.S. 2010) "[T]he remedial nature of the statute, which requires us to interpret it liberally." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. Or. 2006) *accord Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) ("Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer."). "[T]he Fair Debt Collection Practices Act's strictures are intended to protect unsophisticated consumers, see, e.g., *Jeter v. Credit Bureau, Inc*., 754 F.2d 907, 910-913 (11 Cir. 1985)."

Plaintiff has recently filed Doc. 21, her first amended complaint ("FAC"), and it meets all applicable pleading standards. Her claims, for violation of the FDCPA, are premised on collection activity by Retrieval-Masters that violates the Act.  As explained below, each of the targeted practices are identified and described in the Complaint in detail, as well as the provisions of the FDCPA upon which the claims are based.

4

## II.    PLAINTIFF HAS STATED A CLAIM FOR RELIEF UNDER SEVERAL FDCPA PROVISIONS

### A.  Plaintiff has stated a claim under §§ 1692e and 1692e(2).

Section 1692e prohibits use any false, deceptive or misleading representation or means in connection with the collection of any debt. Plaintiff has clearly stated in her complaint that Retrieval-Masters, on the occasions in question, was collecting under a false name. "A failure by a debt collector to use its true name in collecting a debt is a deceptive practice violative of the FDCPA. Id.; see also 15 U.S.C. § 1692e." *Moore v. National Account Systems, Inc*., 1991 U.S. Dist. LEXIS 18137 (D. Conn. Nov. 13, 1991). Section 1692e(2) prohibits, "[t]he false representation of— (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." "Section 1692e applies even when a false representation was unintentional." *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996). Therefore a cause of action has been stated.

### B.  Plaintiff has stated a claim under Section 1692e(10).

Next Retrieval-Masters claims that Plaintiff has not plead a cause of action under § 1692e(10). This section of the FDCPA prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," and "[t]his provision is as broad in scope as the general prohibition in the first sentence of 1692e and, like that last sentence it, is a catchall provision." See R. Hobbs et al., National Consumer Law Center, Fair Debt Collection § 5.5.3 (6th ed.2008). "When evaluating claims under subsection (2) and (10), the Court must consider whether the 'least sophisticated consumer' would be deceived by defendants' means to collect and defendants' representations of

the character, amount, and legal status of the debt." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). In *Moore v. National Account Systems, Inc.,* 1991 U.S. Dist. LEXIS 18137, 3-4 (D. Conn. Nov. 13, 1991), a debt collector was collecting under an assumed and the Court granted Plaintiff's Motion for summary judgment saying:

> [A]t the time of its attempts to collect the alleged debt from the plaintiff, it was licensed to do business in Connecticut under the name National Account Systems, Inc. The record indicates, however, that the defendant used the name National Business Division in its communications with the plaintiff. By defendant's own admission, NAS was not licensed to do business under the name National Business Division until December 14, 1990. Accordingly, defendant NAS must be held to have violated the FDCPA. *Kizer*, supra, slip op. at 12-13; see also *Gaetano*, slip op. at 22 (defendant's attempt to collect a debt when prohibited from doing so by Connecticut law is a deceptive collection activity in violation of § 1692e, in general, and § <u>1692e(10), in particular</u>).
>
> For the reasons set forth above, the plaintiff's motion for summary judgment should be granted and the defendant's denied.
>
> *Moore* at 3-4. (Emphasis Added.)

Since, "[d]ebt collectors may not make false claims, period[,]" *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. Ill. 2004), a cause of action has clearly been stated here.

### C.  Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692e(11).

It is undisputed that Retrieval-Masters, on the occasions in question, was collecting under assumed name of "American Medical Collection Agency." Retrieval-Masters has aptly pointed out that AMCA is only a trade name and not a legal entity. See Doc.19 at page 3, Retrieval-Masters' opposition to Plaintiff's Motion for Leave to amend her complaint. Under New York law, "an assumed business name of [] has no capacity to maintain an action independently of its owner." (See, *Anastasiou v. Fulton St. Pub*, 133 A.D.2d 796, 520 N.Y.S.2d 178; *Provosty v. Lydia E. Hall Hospital*, 91 A.D.2d 658, 659, 457 N.Y.S.2d 106, aff'd, 59 N.Y.2d 812, 464 N.Y.S.2d 754, 451 N.E.2d 501; *Little Shoppe Around the Corner v. Carl*, 80 Misc.2d 717, 363

6

N.Y.S.2d 784)" *Equestrian Associates v. Freidus,* 595 N.Y.S.2d 984, 985. "[T]he trade name of a legal entity does not have a separate legal existence." *Pacheco v. Joseph McMahon Corp.*, 698 F. Supp. 2d 291, 295 (D. Conn. 2010).

Retrieval-Masters is the real party and the real "debt collector." When making the disclosures required by the FDCPA Retrieval-Masters must use its own name. A Seventh Circuit case, *Catencamp v. Cendant Timeshare Resort Group -- Consumer Finance, Inc.*, 471 F.3d 780, (7th Cir. 2006) is instructive regarding the validity of notices given while using a trade name. Catencamp purchased a timeshare on credit. The company he purchased it from assigned his account to a lender. When he fell behind in payments he received a dunning letter from "Resort Financial Services" (which small type declared to be "A Division of CTRG -- Consumer Finance"). In reversing the District Court the 7th Circuit said, "CTRG Consumer Finance is itself not a distinct legal entity; it is a division of Cendant, a fact that the letter did not mention; one reason why the letter does not comply with the Act (if the Act applies in the first place) is that real names were not used. 15 U.S.C. § 1692e(14)." *Catencamp* at 781.

The statute, 15 U.S.C. § 1692e(11), requires that disclosures be given by the debt collector. It states in pertain part that a <u>debt collector</u> must:

> [D]isclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

A debt collector is, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another..." 15 U.S.C. § 1692a(6).

The Commentary to the FDCPA further defines the term "debt collector" and says:

Section 803(6) defines "debt collector" as a party "who uses any instrumentality of interstate commerce or the mails in * * * collection of * * * debts owed * * * another."

1. Examples. The term includes:

-- Employees of a debt collection business, including a corporation, partnership, or other entity whose business is the collection of debts owned another.

-- A firm that regularly collects overdue rent on behalf of real estate owners, or periodic assessments on behalf of condominium associations, because it "regularly collects * * * debts owned or due another."

-- A party based in the United States who collects debts owned by consumers residing outside the United States, because he "uses * * * the mails" in the collection business. The residence of the debtor is irrelevant.

-- A firm that collects debts in its own name for a creditor solely by mechanical techniques, such as (1) placing phone calls with pre-recorded messages and recording consumer responses, or (2) making computer-generated mailings.

-- An attorney or law firm whose efforts to collect consumer debts on behalf of its clients regularly include activities traditionally associated with debt collection, such as sending demand letters (dunning notices) or making collection telephone calls to the consumer. However, an attorney is not considered to be a debt collector simply because he responds to an inquiry from the consumer following the filing of a lawsuit.

2. Exclusions. The term does not include:

-- Any person who collects debts (or attempts to do so) only in isolated instances, because the definition includes only those who "regularly" collect debts.

-- A credit card issuer that collects its cardholder's account, even when the account is based upon purchases from participating merchants, because the issuer is collecting its own debts, not those "owed or due another."

-- An attorney whose practice is limited to legal activities (e.g., the filing and prosecution of lawsuits to reduce debts to judgment).

53 FR 50097

"In analyzing the application of the FDCPA to the case at hand we begin with the language of the statute itself." *Hawthorne v. Mac Adjustment*, 140 F.3d 1367 (11th Cir. 1998) "The Act's definition of the term 'debt collector' includes a <u>person</u> 'who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another.'" § 1692a(6). *Heintz v. Jenkins*, 514 U.S. 291, 293 (U.S. 1995). (Emphasis added.)  Under the Truth-in-Lending Act "person" means natural person or organization. See 15 U.S.C. § 1602(d) (defining "person" as a "natural person or organization") See also, *Edwards v. Wells Fargo & Co*., 606 F.3d 555 (9th Cir. Nev. 2010). As admitted in its own briefs, AMCA is only a trade name and not a legal entity under New York Law. It follows that, here, because AMCA is not a "person" and not the "debt collector" it cannot make the disclosures required by § 1692e(11). A debt collector's notices to a debtor violate 15 U.S.C.S. § 1692e(14) if the debt collector uses a name other than its own name. See *Gradisher v. Check Enforcement Unit, Inc.,* 210 F. Supp. 2d 907, 914 (W.D. Mich. 2002) (Moreover, CEU's notices violated § 1692e(14) because CEU used a name other than its own name.) Plainly a cause of action is stated here because no valid notices have been given.

### D.  Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692e(14).

The FDCPA prohibits use of any false, deceptive, or misleading representations, including, "'[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization,' in connection with the collection of any debt. 15 U.S.C. § 1692e(14)." *Carrizosa v. Stassinos*, 2010 U.S. Dist. LEXIS 115318 (N.D. Cal. Oct. 29, 2010). "Section 1692a(6) works in concert with § 1692e(14). Section 1692e outlines sixteen types of conduct that violate the Act. Relevant to this case, § 1692e(14) provides that a debt collector violates the FDCPA when it uses 'any business, company, or organization

name other than the true name of the debt collector's business, company, or organization.' The district court found Cox did just that by using the name 'Ozark Professional Collections' to collect its debts." *Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989 (8th Cir. Mo. 2005). A California district court explained in *Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1076-1077 (E.D. Cal. 2008), that:

> Subsection 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). Craighead is liable under this subsection because some of DATS' letters used its true name (DATS) or the name it was registered as doing business under (CSS). Based on the court's preceding conclusions regarding subsections (3), (9), and (14), Craighead is also liable under § 1692e(10)'s more general prohibition against "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." Id. § 1692e (defining the conduct subsections (3), (9), and (14) prohibit as using "any false, deceptive, or misleading representation or means in connection with the collection of any debt").

*Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1076-1077 (E.D. Cal. 2008)

Defendant cites *Anthes v. Transworld Systems, Inc*., 765 F. Supp. 162, (D. Del 1991) for the proposition that Plaintiff's 1692e(14) claim must be dismissed as a matter of law. (See Defendants BR at p10.) *Anthes* has been criticized by several courts including the one in *Boyko v. Am. Int'l Group, Inc*., 2009 U.S. Dist. LEXIS 119339 (D.N.J. Dec. 23, 2009). The *Boyko* Court stated, "[t]he court in *Anthes v. Transworld Systems, Inc.,* 765 F. Supp. 162, 172 n. 11 (D. Del. 1991), interpreted the legislative purpose behind § 1692e(14) to prevent debt collectors from misrepresenting that they are credit bureaus. However, even if this is the purpose behind the statute, it does not shed much light on what is a business's true name." After is examined the history and purpose of Section 1692e(14) the *Boyko* Court finally that a violation of it was *per se* deceptive and stated:

> Paragraphs 49, 97(b), and 100(b) each relate to the allegation that Credit Control Systems, Inc., violated the FDCPA by using a name, "Credit Collection Services"

or "CCS," on the notices it sent to Plaintiff that were not its "true name." Under the FDCPA, a debt collector engages in false, deceptive, or misleading representations when collecting a debt if it uses "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). What constitutes a debt collector's "true name" is not defined by statute or the relevant legislative history. The Federal Trade Commission has interpreted the provision to mean that a debt collector "may use its full business name, the name under which it usually transacts business, or a commonly-used acronym. When the collector uses multiple names in its various affairs, it does not violate [§ 1692e(14)] if it consistently uses the same name when dealing with a particular customer." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097-02, 50,107 (Dec. 13, 1988). Alternatively, at least one court has held that a business's true name includes the name in which it has a license to conduct business under state law. See *Kizer v. Am. Credit & Collection*, No. B-90-78, 1990 U.S. Dist. LEXIS 20827, 1990 WL 317475, at *6 (D. Conn. Dec. 17, 1990). Despite the ambiguity at the periphery of analysis of what is a true name, § 1692e(14) at its core clearly prohibits the use of a name that is neither the collector's actual corporate name nor its trade name, licensed or otherwise. *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 (5th Cir. 2002) (holding debt collector's use of "United States Department of Education" on outside envelope violated § 1692e(14)).

From this authority, the Court is persuaded that a collector's "true name" includes the collector's legal name (i.e., the registered corporate or LLC name with the state) as well as the name under which it is licensed to do business. n11 The Court is not convinced that a collector is using its "true name" where it engages in collection activities under an unlicensed trade name or its commonly known name. n12 Section 1692e(14) seems to suggest with the word "true" that only an official name will suffice. Congress could have used a broader term such as "own" name, see 15 U.S.C. § 1692a(6) (defining "debt collector"), if it intended § 1692e(14) to be inclusive rather than exclusive of other names. Given however that the purpose of the provision is to prevent fraud and misleading representations, and given that Congress used an exacting term like "true name," the Court is convinced that § 1692e(14) requires debt collectors to use a precise, official name when conducting debt collection activities. [R]egardless of the standard used, CCS's Motion cannot be granted. CCS first contends that the claim is insufficient because Plaintiff has not pled that he was deceived by CCS using the name Credit Collection Services or CCS, instead of Credit Control Systems. Docket No. 24 at 11-12. But CCS misconstrues § 1692e(14). The section does not require an affirmative pleading that a person was mislead by the use of an improper name; indeed such deception is assumed where a party pleads that he received an improper communication. Section 1692e begins by stating: "A debt collector may not use any false, deceptive, or misleading representations in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section[.]" From there, the statute specifically lists sixteen prohibited actions. Subsection 14 does

not include any language to the effect of "that deceives the party." Thus, subsection 14 must be read to be a per se deceptive act. In other words, if a party can prove, for example, that he received a letter using a name other than the debt collector's true name, he has proven a deceptive practice.

*Boyko v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 119339, 19-24 (D.N.J. Dec. 23, 2009)

### E. Declaratory Relief.

Plaintiff confesses dismissal of this claim.

## CONCLUSION

For the reasons stated above the court should grant the motion to dismiss in part, dismissing equitable claims, and deny the reminder of the motion.

**DATED this the 14th day of December 2010.**

Respectfully submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.(UND008)
Attorney for Plaintiff
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36532
(251) 990-5558

## CERTIFICATE OF SERVICE

I hereby certify that on December 14th 2010, I electronically filed the foregoing with the Clerk of the Court using the E-Filing system which will send notification of such filing to all attorneys of record.

/s/ Earl P. Underwood, Jr.

12