IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERICA MAHAN, | ) |
| | )     **PUBLISH** |
|     Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION 10-0437-WS-M |
| | ) |
| RETRIEVAL-MASTERS CREDIT | ) |
| BUREAU, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 24). The Motion has been briefed and is now ripe for disposition.

**I.  Relevant Background.**

Plaintiff, Erica Mahan, brought this action against defendant, Retrieval-Masters Credit Bureau, Inc. ("Retrieval-Masters"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). According to the well-pleaded allegations of the First Amended Complaint, Retrieval-Masters "initially contacted" her on or about April 5, 2010, "using the pseudonym American Medical Collection Agency," to collect an account in the amount of $145.72 for laboratory testing services performed by non-party Dianon Systems. (Doc. 21, ¶¶ 8-9.)[1] The First Amended Complaint further asserts that the April 5 letter falsely stated that defendant had "written to [Mahan] repeatedly concerning [this] debt," even though this letter marked defendant's "initial contact with the Plaintiff." (*Id.*, ¶ 10.) Plaintiff also alleges that the April 5 letter lacked required language "that a consumer can within 30 days after receipt of the debt collectors [*sic*] initial notice dispute the validity of the debt," and that defendant did not follow up with timely written notices to satisfy that requirement. (*Id.*, ¶¶ 12-14.) Following the April 5 letter, the First Amended Complaint alleges, defendant contacted her

---

[1]     Plaintiff indicates that this letter properly identified the creditor and account number. (*Id.*, ¶ 9.)

in writing on or about June 23, 2010, "again using the pseudonym American Medical Collection Agency," to demand payment of Mahan's outstanding $145.72 debt.

On the strength of these allegations, the First Amended Complaint reels off a half dozen FDCPA provisions that Mahan contends were violated. (Doc. 21, ¶ 19.) In particular, plaintiff's pleading alleges that (i) Retrieval-Masters violated 15 U.S.C. § 1692e through "use of a false representation or deceptive means to collect or attempt to collect a debt"; (ii) defendant violated § 1692e(2) by falsely representing "the character, amount, or legal status of a debt"; (iii) defendant violated § 1692e(10) by "[u]sing unfair or unconscionable means to collect or attempt to collect a debt"; (iv) defendant violated § 1692e(11) by failing to make proper disclosures that it was attempting to collect a debt, that information gained would be used for that purpose, or that the communication was from a debt collector; (v) defendant violated § 1692e(14) by "[u]sing a business or company name other than its true name"; and (vi) defendant violated § 1692g by failing to give disclosures required by that section. (Doc. 21, ¶ 19.) Plaintiff requests a declaratory judgment that defendant violated the FDCPA, as well as statutory damages, costs and attorney's fees, and also seeks class certification.

Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., seeking dismissal of all of Mahan's claims save her FDCPA claim invoking 15 U.S.C. § 1692g. Defendant's principal arguments are that the First Amended Complaint flunks the *Twombly*/*Iqbal* pleading standard and that the complained-of conduct does not violate the FDCPA, in any event. Plaintiff opposes the Motion to Dismiss in all respects, except that she "confesses dismissal" of her claims for declaratory relief. (Doc. 30, at 12.) The Motion to Dismiss is therefore **granted** as to Mahan's claims for declaratory relief, and those claims are **dismissed**. Also, inasmuch as defendant expressly excludes the § 1692g from the ambit of its Motion to Dismiss, this Order will not address that claim, the factual allegations supporting it, or the legal principles specific to it.

**II.     Analysis.**

   **A.     *Applicable Legal Standard for Rule 12(b)(6) Motion.***

Because this matter comes before it on a Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and*

*Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.").

To withstand a motion to dismiss for failure to state a claim, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit recently explained, *Twombly/Iqbal* principles simply require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker*, 623 F.3d at 1380 (11th Cir. 2010) (citations omitted). The factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

### B. *Sufficiency of Pleading under* **Twombly / Iqbal** *Principles.*

As an initial matter, Retrieval-Masters argues that the First Amended Complaint fails to comport with these baseline pleading requirements. Defendant's position is that Mahan's pleading does not specify which conduct violated which subsections of the FDCPA and that it is devoid of factual content but instead merely lists the elements of the causes of action. The Court disagrees. The First Amended Complaint specifically identifies a series of facts on which Mahan's FDCPA causes of action are predicated, to-wit: (i) defendant initially contacted her via letter dated April 5, 2010; (ii) defendant's April 5 letter identified it by the name "American Medical Collection Agency" rather than by its real name; (iii) defendant's April 5 letter stated that defendant had written to plaintiff repeatedly concerning her debt, when in fact this was its first contact with her; (iv) defendant's initial letter lacked required disclosures; and (v) defendant wrote to plaintiff again on June 23, 2010, and again did so under the false name of "American Medical Collection Agency." The First Amended Complaint asserts that these enumerated facts establish violations of §§ 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692e(14).

As shown by the foregoing, this is not a case in which the pleading merely lists conclusory claims devoid of underlying factual allegations. Here, Mahan has identified the specific facts on which her claims rest, and the specific FDCPA subsections that she contends were violated by that enumerated course of conduct. Simply put, her "allegations are not barren recitals of the statutory elements, shorn of factual specificity." *Speaker*, 623 F.3d at 1384. Retrieval-Masters may well desire elaboration of plaintiff's theory undergirding each alleged statutory violation, but Rule 8 does not mandate an exhaustive recitation of plaintiff's reasoning. That is a purpose of discovery. Stated differently, Mahan "need not prove [her] case on the pleadings," but "must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim." *Id.* at 1386.[2] Her First Amended Complaint does just that, by alleging specific facts and circumstances supporting her contentions that defendant used a false name and made false representations concerning its debt collection efforts, all in violation of the cited subsections of the FDCPA. This is not a case in which the plaintiff frames her pleading in terms of legal conclusions untethered to any factual allegations. As such, there is no *Twombly* / *Iqbal* problem here. Defendant has received fair notice of plaintiff's claims and their factual underpinnings. The Motion to Dismiss is not well-taken insofar as defendant contends otherwise.

### C.     The "True Name" Issue.

It is undisputed that all of Mahan's FDCPA claims implicated by the Motion to Dismiss rest, in whole or in part, on the theory that Retrieval-Masters attempted to collect Mahan's debt using a false name.[3] The allegations of the First Amended Complaint, which are accepted as true

---

[2]     *See also Williams v. Aircraft Workers Worldwide, Inc.*, 2010 WL 2105108, *2 (S.D. Ala. May 24, 2010) (recognizing that even in *Twombly* / *Iqbal* world, "[t]he rules of pleading require only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief") (citation omitted); *McMillian v. AMC Mortg. Services, Inc.*, 560 F. Supp.2d 1210, 1212-13 (S.D. Ala. 2008) (even post-*Twombly*, "heightened fact pleading of specifics" is not required but rather the pleading need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests") (citations omitted).

[3]     In the section of her brief addressing §§ 1692e and 1692e(2), plaintiff asserts that "Retrieval-Masters, on the occasions in question, was collecting under a false name." (Doc. 30, at 5.) In the portion of her brief concerning § 1692e(10), plaintiff likewise invokes allegations that defendant was proceeding under a false or assumed name. (*Id.* at 5-6.) To explain her claim under § 1692e(11), Mahan likewise asserts that "[w]hen making the disclosures required by the (Continued)

for purposes of the Motion to Dismiss, are that in its April 5 and June 23 collection letters, defendant used "the pseudonym American Medical Collection Agency," rather than the name "Retrieval-Masters Credit Bureau, Inc." (Doc. 21, ¶¶ 9, 11.) This contention is of central importance to Mahan's FDCPA claims.

In seeking dismissal of these claims, Retrieval-Masters urges the Court to take judicial notice of a public record from the New York Department of State dated March 31, 2010, and certifying "that RETRIEVAL-MASTERS CREDITORS BUREAU, INC., a NEW YORK corporation, filed a Certificate of Assumed Name, to conduct business under the assumed name of AMERICAN MEDICAL COLLECTION AGENCY, in this Department on 03/02/1987." (Doc. 25, Exh. A.) Plaintiff asserts no argument opposing judicial notice of this fact; therefore, the Court will grant defendant's request and take judicial notice of the public document showing that "American Medical Collection Agency" is defendant's duly registered trade name under New York law.[4]

---

FDCPA Retrieval-Masters must use its own name." (*Id.* at 7.) And plaintiff's brief reflects that the whole point of her § 1692e(14) claim is that defendant failed to use its true name in collection efforts.

[4] Far from objecting, plaintiff relies on this fact to support her position, noting that "Retrieval-Masters has aptly pointed out that AMCA is only a trade name." (Doc. 30, at 6.) And the First Amended Complaint names the defendant as "Retrieval-Masters Credit Bureau, Inc., d/b/a American Medical Collection Agency." (Doc. 21, at 1 & ¶ 4.) So both sides are apparently in agreement that this Court may properly consider that Retrieval-Masters (a New York corporation) is authorized to conduct business as American Medical Collection Agency under New York law. Even without plaintiff's acquiescence, it would remain proper to consider the public record found at Exhibit A to defendant's brief and documenting this trade name. District courts have considerable discretion to take judicial notice of public records. *See, e.g., Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (explaining that a district court "may take judicial notice of appropriate adjudicative facts at any stage in a proceeding" and that it "has wide discretion" to do so); *Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."); *Universal Express, Inc. v. U.S. S.E.C.*, 2006 WL 1004381, *2 (11th Cir. Apr. 18, 2006) (on a motion to dismiss, "[p]ublic records are among the permissible facts that a district court may consider"); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 2010 WL 4739521, *2 (M.D. Fla. Nov. 16, 2010) ("Public records comprise a category of documents subject to judicial notice."). Given the unchallenged authenticity and veracity of Exhibit A, and (Continued)

The narrow legal issue presented in the Motion to Dismiss, then, is whether Retrieval-Masters violated the FDCPA by contacting Mahan for debt collection purposes using the registered name under which it does business (American Medical Collection Agency), rather than its actual corporate name (Retrieval-Masters Credit Bureau, Inc.).

An appropriate starting point for the analysis is the statutory text. According to the FDCPA, "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is a false, deceptive or misleading practice that violates the statute. 15 U.S.C. § 1692e(14); *see also Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp.2d 1031, 1045 (W.D. Wis. 2002) ("Under the FDCPA, a debt collector is obligated to use its own name when corresponding with a consumer."). The term "true name" is not defined in the FDCPA. However, courts have opined that this provision is intended to prohibit use of names that are false, deceptive or misleading. *See, e.g., Weinstein v. Fink*, 2001 WL 185194, *5 (N.D. Ill. Feb. 26, 2001) ("The aim of § 1692e(14) is to prevent debt collectors from using a name other than [their] own in an attempt to mislead or deceive a consumer."); *Anthes v. Transworld Systems, Inc.*, 765 F. Supp. 162, 172 (D. Del. 1991) ("Section 1692e(14), like the other provisions of § 1692e, only prohibits conduct that is false, deceptive, or misleading. It follows from the above, that a debt collector can use other names only to the extent that their use is not false, deceptive, or misleading."). Application of concepts of false, deceptive or misleading conduct in interpreting § 1692e(14) is fully consistent with congressional intent, inasmuch as § 1692e(1)-(16) is framed as an illustrative list of conduct violating the prohibition against a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[5]

---

the lack of unfair prejudice to plaintiff, the Court in its discretion will take judicial notice of this document.

[5] More generally, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Peter v. GC Services L.P.*, 310 F.3d 344, 352 (5th Cir. 2002) ("Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive."); *Knoll v. Allied Interstate, Inc.*, 502 F. Supp.2d 943, 947-48 (D. Minn. 2007) ("the intent of § 1692e is … to ensure that debtors are made aware that they are being
(Continued)

Against this backdrop of statutory language and intent, the Federal Trade Commission's position is that a debt collector's "true name" encompasses not only its formal corporate name, but also the name under which it usually transacts business.[6] Numerous federal courts have similarly determined that trade names comport with the FDCPA's "true name" requirement, such that a debt collector does not violate § 1692e(14) by using the registered or licensed name under which it transacts business – rather than its formal corporate name – in debt collection communications.  *See, e.g., Orenbuch v. North Shore Health Systems, Inc.*, 250 F. Supp.2d 145, 151-52 (E.D.N.Y. 2003) ("The defendants correctly argue that there is nothing misleading about a debt collector (RCRS) using the name by which it is known to the public where, as here, that name is a registered trade name with the New York Department of State. … [B]ecause RCRS letters refer to RCRS's true name, it does not constitute a false deceptive or misleading representation.") (citations and internal citations omitted); *Boyko v. American Int'l Group, Inc.*, 2009 WL 5194431, *7 (D.N.J. Dec. 23, 2009) ("the Court is persuaded that a collector's 'true name' includes the collector's legal name (*i.e.*, the registered corporate or LLC name with the state) as well as the name under which it is licensed to do business").[7]  One commentator aptly

---

contacted by a particular debt collection agency, which must be identified clearly in the letter"). The point, again, is that the applicable sections are designed to root out false, deceptive and misleading practices by debt collectors.

    [6]    In relevant part, the FTC commentary reads as follows: "A debt collector may use a name that does not misrepresent his identity or deceive the consumer.  Thus, a collector ***may use*** its full business name, ***the name under which it usually transacts business***, or a commonly-used acronym."  Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, Comment 807(14)(1), 53 Fed.Reg. 50097-02, 50107 (Dec. 13, 1988) (emphasis added).

    [7]    *See also Starosta v. MBNA America Bank, N.A.*, 2007 WL 2007944, *2 (11th Cir. July 12, 2007) (affirming dismissal of § 1692e(10) and (14) claims based on debt collector's inaccurate use of "P.A." abbreviation in name "Law Office of David E. Borack, P.A.," where debt collector was registered by that name under state's fictitious name registration statute, that name had appeared on firm's letterhead and correspondence, and "[m]ost importantly, there is no indication that the letters 'P.A.' misled, confused, or deceived Starosta or her attorney"); *Todd v. Capital One Financial Corp.*, 2007 WL 3306097, *3 (W.D. Ky. Nov. 6, 2007) (no violation of § 1692e(14) where debt collector's true business name was "Greene & Cooper, LLP" but letter listed business name as "Greene & Cooper Attorneys LLP," where collector actually was a law firm, such that use of word "attorneys" was not false, deceptive or misleading); *Danow v.* (Continued)

summarized these authorities by writing that "[d]ebt collectors … may use alternative names they are legally entitled to use, and that are not misleading."  Dee Pridgen & Richard M. Alderman, *Consumer Credit and the Law*, § 12:27.

By contrast, the cases in which a violation of § 1692e(14) have been found typically involve a debt collector misrepresenting its identity, such as by purporting to be the creditor when it is not, purporting to be a government agency when it is not, or purporting to be distinct from the creditor when it is not.  *See, e.g., Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989, 992-93 (8th Cir. 2005) (debt collector violated § 1692e(14) where plaintiff received medical treatment at Lester E. Cox Medical Center, which then referred account to "Ozark Professional Collections," a fictitious registrant of Cox, for collection, which was deceptive because debtor would not know that debt remained with creditor and had not been

---

*Borack*, 2006 WL 5516577, *3 (S.D. Fla. Jan. 30, 2006) (finding as a matter of law that defendant did not violate § 1692e by using "the name held out to the public and the name under which it conducts business," which provided meaningful disclosure of debt collector's identity that was not false, deceptive or misleading), *rev'd on other grounds*, 2006 WL 2671928 (11th Cir. Sept. 19, 2006); *Moore v. National Account Systems, Inc.*, 1991 WL 313896, *1 (D. Conn. Nov. 13, 1991) ("this court has ruled that the name under which a debt collector is licensed to do business is the debt collector's true name for purposes of the FDCPA"); *Kizer v. American Credit & Collection*, 1990 WL 317475, *6 (D. Conn. Dec. 17, 1990) (a debt collector "that obtains a license to do business under a certain name and thereafter proceeds to use that name in the course of its business cannot be held to have deceived the public," such that "the name under which a debt collector is licensed to do business … is the debt collector's true name for purposes of the FDCPA"); *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo. 1989) (where debt collector "Statewide Collections, Inc" was licensed by Wyoming as "Statewide Collections, Inc. d/b/a CheckRite," debt collector did not violate § 1692e(14) by sending demand letter in name of CheckRite alone because "[i]t was using a true business name, and the name used does not exemplify a means likely to deceive or mislead the consumer"); *cf. Schwarm v. Craighead*, 552 F. Supp.2d 1056, 1076 (E.D. Cal. 2008) (finding violation of § 1692e(14) where "none of DATS' letters used its true name (DATS) **or the name it was registered as doing business under**" (CSS)") (emphasis added); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 400-01 (6th Cir. 1998) (no FDCPA violation where dunning letter purported to be from individual named "M.Hall," which was actually an alias or code used internally by collection agency, reasoning that plaintiff "can show no prejudice or harm suffered" by the use of "M.Hall" alias/code that "does not misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor").

turned over to a third-party collection agency).[8]  No such circumstances of deception or misrepresentation are raised by the First Amended Complaint's allegations that Retrieval-Masters used its trade name in correspondence with Mahan.

The fundamental point is that, as one district court recognized, "§ 1692e(14) at its core clearly prohibits the use of a name that is neither the collector's actual corporate name nor its trade name, licensed or otherwise."  *Boyko*, 2009 WL 5194431, at \*6.  This case does not fit that paradigm.  Plaintiff concedes that Retrieval-Masters communicated with her using its duly licensed trade name.  There was nothing deceptive or manipulative about Retrieval-Masters contacting Mahan using the name "American Medical Collection Agency."  After all, Retrieval-Masters had been conducting business under that name for more than two decades.  There are no facts alleged, and no circumstances to suggest, that defendant's use of its registered trade name was intended to, or had the effect of, confusing, misleading or deceiving Mahan.  Given these undisputed factual parameters, the Court finds as a matter of law that plaintiff has not pleaded a cognizable claim for violation of § 1692e(14).  Accordingly, the Motion to Dismiss is **granted** insofar as it relates to plaintiff's claim under § 1692e(14) and all other FDCPA claims predicated on defendant's alleged failure to use its "true name."  All such causes of action are **dismissed** for failure to state a claim on which relief can be granted.

---

[8]  *See also Carrizosa v. Stassinos*, 2010 WL 4393900, \*2 (N.D. Cal. Oct. 29, 2010) (finding violation of § 1692e(14) where debt collector "sometimes sent letters using the creditor's name … rather than its own name"); *Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp.2d 907, 914 (W.D. Mich. 2002) (defendant violated § 1692e(14) by sending debt collection notices creating false impression that they were generated by Muskegon County Sheriff's Department rather than private debt collector); *Domico v. Etan Industries, Inc.*, 1998 WL 765058, \*4 (N.D. Ill. Oct. 26, 1998) (denying motion to dismiss where complaint alleged that defendant rented or borrowed another company's name and letterhead as cover for its debt collection activities); *Arslan v. Florida First Financial Group*, 1995 WL 731175, \*4 (M.D. Fla. Oct. 5, 1995) (finding violation of § 1692e(14) where debt collector "did not register Reid, Lienhart, & Associates as a fictitious name until after the commencement of this lawsuit, hence Reid, Lienhart, & Associates cannot be considered as a true name of" the debt collector "at the time [it] attempted to collect from Plaintiff"); *see generally Anthes*, 765 F. Supp. at 172 n.11 ("The practice Congress appears to have intended to prohibit by enacting § 1692e(14) is the practice whereby debt collectors misrepresent that they are credit bureaus.").

### D.     Other Issues.

Two other matters are properly addressed at this time.  First, in the interest of clarity, It bears emphasis that plaintiff's claims under §§ 1692e, 1692e(2), 1692e(10), and 1692e(11) are not dismissed under Rule 12(b)(6) insofar as they rest on well-pleaded allegations that (i) defendant falsely represented in its initial contact with plaintiff that "[w]e have written to you repeatedly concerning your debt," and (ii) defendant failed to make required disclosures in initial and subsequent contacts with plaintiff.[9]  The Court understands that defendant disputes the factual basis of those claims.[10]  However, a Rule 12(b)(6) Motion to Dismiss is not the time or place to quarrel with the accuracy of a pleading's factual assertions.

Second, movant requests an award of attorney's fees and costs pursuant to § 1692k(a)(3), without elaborating on the legal or factual basis for that request.  The cited statute provides as follows: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  On this record, the Court cannot find that Mahan brought her "true name" claims against defendant in bad faith or for the

---

[9] Defendant says that the April 5 letter contains all required disclosures, and attaches a copy of that letter to its brief.  But defendant also says that it had written to Mahan previously about this debt.  Any such predecessor letters are not in the court file, so the Court cannot verify whether they do or do not contain the disclosures mandated by the FDCPA.

[10] In particular, defendant states that, after this litigation commenced, it provided plaintiff with proof that the April 5 letter was actually defendant's fourth letter to Mahan about the disputed debt. (Doc. 25, at 8.)  Defendant further states that its initial correspondence, dated January 13, 2010, in fact contained all required disclosures. (*Id.*)  Those letters are not in the court file and the undersigned cannot now verify what disclosures they do or do not contain.  Of course, defendant's assertions may be true.  If they are, then further judicial action may be appropriate if plaintiff continues to pursue FDCPA claims that she knows to be factually unfounded.  *See* 15 U.S.C. § 1692k(a)(3) (authorizing award of attorney's fees to defendant for FDCPA claims "brought in bad faith and for the purpose of harassment").  But at the Rule 12(b)(6) juncture, the Court takes the allegations of the First Amended Complaint as true.  Those allegations sufficiently allege false and deceptive practices under the FDCPA relating to failure to make disclosures and misrepresentations concerning prior communications that had never been made.  If Mahan does not intend to proceed with these causes of action (and her intentions are unclear, given that her brief focuses exclusively on the now-dismissed "true name" theory of liability without addressing the disclosure or "written to you repeatedly" issues), then she should file appropriate documentation to conform her remaining claims to her intent.

purpose of harassment.  As noted above, there is no published binding authority foreclosing those claims, and the term "true name" can reasonably be subject to differing interpretations.  The Court's finding that plaintiff does not prevail on this issue does not equate to a finding that she proceeded in bad faith and for the purpose of harassment by raising it.  There are no facts before the Court that might impute a lack of good faith to plaintiff as to her "true name" theory of relief.  Accordingly, defendant's request for an award of attorney's fees and costs in relation to the dismissed FDCPA claims is **denied**.

### III.     Conclusion.

For all of the foregoing reasons, it is **ordered** that defendant's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 24) is **granted in part** and **denied in part**.  The Motion is **granted** as to (i) all claims for declaratory relief, and (ii) all claims (whether under § 1692e(14) or any other subsection) alleging that defendant violated the FDCPA by using a false name or any name other than its "true name."  Those claims are **dismissed with prejudice**.  In all other respects, the Motion to Dismiss is **denied**.  Defendant is **ordered** to file an answer to the First Amended Complaint on or before **April 25, 2011**.

DONE and ORDERED this 13th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE